PONDER, Judge.
Plaintiff appealed from a partial summary judgment dismissing plaintiff’s claim for lost profits.
The sole issue is the effect of a contractual provision.
We reverse and remand.
Plaintiff, operator of a salt mine, contracted with defendant, The Cementation Company of America (Cementation), for the construction of a salt mine shaft. The contract contained the following clause:
“14. If within one (1) year after acceptance or after termination of this Agreement the Company notifies the Contractor of any defects or inadequacies in the design, workmanship or materials which were within the control of the Contractor or were attributable to negligence in the supervision of the performance of *214 the work by the Contractor or, if within two (2) years after acceptance or after termination of this Agreement, the Company notifies the Contractor that the watertight integrity of the shaft has ceased to exist, which can be proved to be due to defects or inadequacies in the design, workmanship or materials or negligence in the supervision or performance of the work by the Contractor, the Contractor shall promptly repair or replace, at its own expense, any such defects or inadequacies (including the cost of materials and workmanship necessarily removed or destroyed in connection with such repair or replacement).”
Following the collapse of the mine shaft, plaintiff sued defendant Cementation and its insurers seeking damages in both contract and tort for the cost of clean up and replacement of the shaft and damages for lost income, or profits or both. The trial court granted defendants’ motion for a partial summary judgment, interpreting the clause as limiting plaintiff’s damages to the repair and replacement of the shaft.
We believe that plaintiff’s claim that the court erred in interpreting the warranty clause as a waiver of its other statutory rights has merit. The court based its decision on C.C. Art. 1934(5)[1]. Although there is little jurisprudence interpreting this Article in relation to construction contracts, we hold that, at a minimum, a waiver of other statutory rights must be express and explicit. Cf. Wilda, Inc. v. Devall Diesal, Inc., 343 So.2d 754 (3rd Cir. La.App. 1977); Catalina Pools v. Sellers, 322 So.2d 812 (4th Cir. La.App.1975). We think it inconceivable that the parties intended defendants’ liability to be so limited in a construction project of this magnitude without an explicit and express waiver.
Plaintiff next contends the court erred in failing to recognize its claim in tort. Plaintiff’s claim is premature. The partial summary judgment addresses only the question of damages under the contract.
For the above reasons, the judgment is reversed and the case is remanded for further proceedings not inconsistent with these reasons. The cost of this appeal is cast equally between the appellant and the ap-pellees. All other costs are deferred pending the outcome.
REVERSED AND REMANDED.

. C.C. Art. 1934(5):
“Where the object of the contract is any thing but the payment of money, the damages due the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived, under the following exceptions and modifications:
******
“5. Where the parties, by their contract, have determined the sum that shall be paid as damages for its breach, the creditor must recover that sum, but is not entitled to more. But when the contract is executed in part, the damages agreed on by the parties may be reduced to the loss really suffered, and the gain of which the party has been deprived, unless there has been an express agreement that the sum fixed by the contract shall be paid, even on a partial breach of the agreement.”